## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **HADCO INTERNATIONAL, LLC,** | § § § | |
| **Plaintiff and Counter-Defendant,** | § § | |
| **v.** | § § § | **Civil Action No. 4:15-CV-01140** **JURY** |
| **UTICA LEASECO, LLC and** **NATIONS EQUIPMENT FINANCE, LLC,** | § § § § | |
| **Defendants and Counter-Plaintiffs.** | § § | |

### DEFENDANTS' AND COUNTER-PLAINTIFFS' ORIGINAL ANSWER AND COUNTERCLAIM

Defendants and Counter-Plaintiffs Utica LeaseCo, LLC ("Utica") and Nations Equipment

Finance, LLC ("NEF") file this Original Answer and Counterclaim as follows:

### I.
### ORIGINAL ANSWER

#### A.    Discovery Control Plan

1.      Utica and NEF deny the assertion set forth in Paragraph 1 and will seek discovery

consistent with their rights under the Federal Rules of Civil Procedure and any Scheduling Order

entered by this Court.

#### B.    Parties

2.      Utica and NEF admit the factual assertions set forth in Paragraph 2.

3.      Utica admits that it is a limited liability company incorporated under the laws of

Florida with its principal place of business in Utica, Michigan. Utica admits that it is allowed to

transact business in the State of Texas and that it does not have a driver's license number or

Social Security number.  Utica and NEF deny the balance of any factual assertions otherwise set forth in Paragraph 3.

4.      NEF admits that it is a limited liability company incorporated under the laws of Delaware with its principal place of business in Norwalk, Connecticut.  NEF admits that it is allowed to transact business in the State of Texas and that it does not have a driver's license number or Social Security number.  Utica and NEF deny the balance of any factual assertions otherwise set forth in Paragraph 4.

**C.      Jurisdiction and Venue**

5.      This action was originally filed in the County Court at Law No. 2 in Montgomery County, Texas, on April 2, 2015.  Utica and NEF filed their Notice of Removal with this Court on April 30, 2015, based upon the complete diversity of citizenship that exists between the parties, such that removal was proper and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), (c)(1). Additionally, Utica and NEF assert that removal was proper because the amount in controversy is in excess of $75,000 pursuant to 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). Utica and NEF deny the balance of the factual assertions set forth in Paragraphs 5 and 6.

6.      Utica and NEF admit that venue is proper in this judicial district because it is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred and because the action was originally filed in Montgomery County, Texas.  *See* 28 U.S.C. §§ 1391(a); 1446(a).

### D.    Factual Background

7.    Utica and NEF admit that Hadco was engaged to provide those certain on-site Forced Liquidation Value appraisals which were provided to Utica and NEF on July 14, 2013, October 18, 2013, and February 25, 2014, providing Forced Liquidation Values for five Drilling Rigs and ancillary oil field equipment entered into an agreement or series of related agreements to provide three separate appraisals as an important component of Utica's and NEF's entry into a lease financing arrangement with Linchpin Energy Services, LLC.  Utica and NEF admit that the amount of the original financing arrangement between said companies and Linchpin Energy Services, LLC exceeded $4.6 Million.  Utica and NEF deny the balance, if any, of Paragraph 7.

8.    Utica and NEF admit that Hadco provided three Forced Liquidation Value appraisals on July 14, 2013, October 18, 2013, and February 25, 2014.  Utica and NEF admit that Linchpin Energy Services, LLC experienced a payment default in relation to its then existing obligations and that Utica and NEF took action, starting in March 2014, to repossess the subject Drilling Rigs and ancillary equipment.  Utica and NEF deny the balance, if any, of Paragraph 8.

9.    Utica and NEF admit that they have previously notified and made legal presentment to Hadco of the fact that the three Forced Liquidation Value appraisals Hadco provided were negligently performed and not in conformance with applicable professional codes and standards for equipment appraisers valuing similar types of equipment and that Utica and NEF sustained damages proximately caused by said negligence.  Utica and NEF deny the balance, if any, of Paragraph 9.

10.    Utica and NEF deny the factual assertions set forth in Paragraph 10.

### E.    Count I – Declaratory Judgment

11.    The substance of Paragraph 11 does not contain any specific factual allegations and does not, therefore, require a response from Utica and NEF.  If compelled to respond to Paragraph 11, Utica and NEF deny any factual assertions contained in Paragraph 11.

12.    Utica and NEF admit that Hadco denied that it was negligent in connection with its previously supplied Forced Liquidation Value appraisals and that Hadco denied that Utica and/or NEF have sustained any damages proximately caused by said negligence.  Utica and NEF deny the balance, if any, of Paragraph 12.

13.    Utica and NEF deny the propriety of Hadco's requested declaratory judgment.  If compelled to respond to Paragraph 13, Utica and NEF deny any factual assertions contained in Paragraph 13.

### F.    Count II – Attorneys' Fees

14.    The substance of Paragraph 14 does not contain any specific factual allegations and does not, therefore, require a response from Utica and NEF.  If compelled to respond to Paragraph 14, Utica and NEF deny any factual assertions contained in Paragraph 14.

15.    Utica and NEF deny the factual assertions set forth in Paragraph 15.

### G.    Jury Demand

16.    This paragraph does not require a response from Utica and NEF.

### H.    Conditions Precedent

17.    Utica and NEF deny the factual assertions set forth in this unnumbered Paragraph.

### I.    Rule 47 Statement

18.    Utica and NEF deny the factual assertions set forth in this unnumbered Paragraph.

**J.      Request for Relief**

19.      Utica and NEF deny that Hadco is entitled to the relief sought in the said party's

Request for Relief and Prayer.

Any and all allegations set forth in the Original Petition that are not specifically admitted

above are **DENIED**.

## II.
## AFFIRMATIVE DEFENSES

20.      The Original Petition fails to state a claim against Utica and NEF upon which

relief may be granted.

21.      The Original Petition fails to state a claim that will not already be resolved as part

of Utica and NEF's counterclaims in this lawsuit.

## III.
## COUNTERCLAIM

Counter-Plaintiffs Utica and NEF now assert this Counterclaim complaining of Counter-

Defendant Hadco International, LLC ("Hadco") as follows:

**A.      Parties**

22.      Counter-Plaintiff Utica is a limited liability company incorporated under the laws

of Florida with its principal place of business in Utica, Michigan.

23.      Counter-Plaintiff NEF is a limited liability company incorporated under the laws

of Delaware with its principal place of business in Norwalk, Connecticut.

24.      Counter-Defendant Hadco is a limited liability company organized under the laws

of the State of Texas with its principal place of business in Conroe, Texas.  Hadco has been

served with this Counterclaim by and through its legal counsel, who has previously entered an

appearance in this suit, and Hadco is, therefore, before the Court for all purposes.

B.    **Jurisdiction and Venue**

25.    This action was originally filed in the County Court at Law No. 2 in Montgomery County, Texas, on April 2, 2015.  Utica and NEF filed their Notice of Removal with this Court on April 30, 2015, based upon the complete diversity of citizenship that exists between the parties, such that removal was proper, and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), (c)(1).   Additionally, Utica and NEF assert that removal was proper because the amount in controversy is in excess of $75,000 pursuant to 28 U.S.C. §§ 1332(a), 1446(c)(2)(B).

26.    Venue is proper in this judicial district because it is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred and because the action was originally filed in Montgomery County, Texas.  *See* 28 U.S.C. §§ 1391(a); 1446(a).

C.    **Factual Background**

27.    Utica and NEF retained Hadco to provide a series of certain on-site Forced Liquidation Value appraisals which were ultimately provided to Utica and NEF on July 14, 2013, October 18, 2013, and February 25, 2014. Each of these three appraisals provided Forced Liquidation Values for five Drilling Rigs and ancillary oil field equipment and were provided to Counter-Plaintiffs by Hadco as an important component of Utica's and NEF's entry into a lease financing arrangement with Linchpin Energy Services, LLC.   The amount of the original financing arrangement between Utica and NEF and Linchpin Energy Services, LLC exceeded $4.6 Million.

28.     At all relevant times, Hadco characterized that its three appraisals, and assured both Utica and NEF that all such valuations identified for the subject equipment, were conservative in nature. Throughout the appraisal process and Hadco's engagement as a certified appraiser for Utica and NEF, Hadco represented and assured Counter-Plaintiffs that Hadco could locate a buyer or buyers of the subject Drilling Rigs and ancillary equipment at or in excess of the same appraised values in the event there was a default on the Lessee's financial obligations. Utica and NEF relied upon Hadco's assurances and representations regarding its expertise and experience in providing appraisals of this nature and Hadco's ability to secure such a secondary buyer for all such equipment in the event of a default. Utica and NEF further relied upon Hadco's representations that all valuation provided in the three appraisals were conservative in nature and predicated upon a standard Forced Liquidation Value as that value concept is commonly understood to exist and to be applied in the oil field appraisal industry, at the time said appraisals were performed and the subject valuations were provided.

29.     Hadco provided Utica and NEF three Forced Liquidation Value appraisals on July 14, 2013, October 18, 2013, and February 25, 2014. When Lessee Linchpin Energy Services, LLC experienced a payment default in relation to its then existing obligations to Utica and NEF, Utica and NEF ultimately took action, starting in March 2014, to repossess the subject Drilling Rigs and ancillary equipment.  Further, and shortly thereafter, one of the Drilling Rigs was damaged and the insurance adjuster assigned to adjust the loss placed a valuation upon the property that was materially and fundamentally much lower than Hadco's previous appraisals.

30.     As a result of these events, it became apparent that each of the three subject appraisals provided by Hadco, and relied upon by Utica and NEF in connection with its entry into the commercial transactions and agreements it had with Linchpin, were materially and

fundamentally inaccurate. The amount of the inaccuracy of each appraisal provided by Hadco in relation to each such Drilling Rig reflects a breach of the standard of care owed by Hadco to both Utica and NEF with respect to its obligations as a certified appraiser. The amount of the inaccuracy of each such appraisal is further in direct contradiction of the assurances and representations provided by Hadco to Utica and NEF that all such violations were conservative in nature and reflective of a genuine Forced Liquidation Valuation for all such oil field equipment. Furthermore, Hadco never identified a secondary buyer of the subject equipment as it represented and assured Counter-Plaintiffs that it would do in the event of precisely just such a default.

31.     As a direct and proximate result of Hadco's breach of its standard of care and its breach of its agreement with and its various representations and assurances to Counter-Plaintiffs, Utica and NEF have sustained damages in excess of $2 Million. All such damages sustained by Utica and NEF were proximately caused by Hadco's professional negligence and breach of Hadco's agreements with and representations to Utica and NEF regarding the conservative nature of the appraisal valuations provided by Hadco on a Forced Liquidation Valuation basis.

**D.     Causes of Action**

**I.     Negligence**

32.     Hadco re-alleges and incorporates by reference the factual allegations contained in Paragraphs 27 through 31 above.

33.     At all relevant times, Hadco had a duty to exercise ordinary care in providing professional appraisal services to Utica and NEF.  Hadco knew in advance of providing the appraisals that Utica and NEF would rely upon each such appraisal, and the Forced Liquidation Valuations provided, as a basis for entering into certain commercial financial transactions.

Hadco breached that duty by providing materially inaccurate appraisals that reflected valuations far in excess of what industry standards would have required. If Hadco had provided reasonably accurate Forced Liquidation Valuation appraisals for the oil field equipment in question, Utica and NEF would not have extended the subject financing to Linchpin. Hadco's failure to exercise ordinary care in conducting and providing the three commercial appraisals to Utica and NEF proximately caused Utica and NEF to suffer damages in excess of $2 Million.

## II.     Breach of Contract

34.     Hadco re-alleges and incorporates by reference the factual allegations contained in Paragraphs 27 through 31 above.

35.     Hadco entered into an agreement to provide Utica and NEF appraisals of certain oil field equipment on an industry standard Forced Liquidation Value concept. Hadco assured and represented to Utica and NEF that each such appraisal provided would be "conservative," which was also entirely consistent with providing the appraisals on a Forced Liquidation Valuation basis. Hadco materially breached its agreement with Utica and NEF to provide accurate Forced Liquidation Valuation appraisals in a manner consistent with industry standards for such commercial appraisals and the representations and assurances Hadco had provided to this effect. Hadco's material breach of its agreement, representations, and assurances with and to Utica and NEF proximately caused consequential damages to Utica and NEF in an amount in excess of $2 Million.

36.     Hadco's breach of its agreement, representations, and assurances has compelled Utica and NEF to retain the services of the undersigned legal counsel. Utica and NEF seek to recover, in addition to its consequential damages, its reasonable and necessary attorneys' fees

and costs in the prosecution of this breach of contract cause of action, pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendants and Counter-Plaintiffs Utica LeaseCo, LLC and Nations Equipment Finance, LLC respectfully pray that Plaintiff Hadco International, LLC take nothing by way of its request for declaratory judgment and claim for attorneys' fees, and with respect to the Counterclaim asserted herein, that Counter-Defendant Hadco International, LLC be cited to appear and answer herein, and that upon final trial thereof, that Counter-Plaintiffs Utica LeaseCo, LLC and Nations Equipment Finance, LLC have and recover from Hadco:

1.    Breach of contract damages as found by the trier of fact;

2.    Negligence damages as found by the trier of fact;

3.    All reasonable and necessary attorneys' fees incurred by Defendants in defense of Hadco's declaratory judgment claim and all reasonable and necessary attorneys' fees incurred by Counter-Plaintiffs that are allocable to its breach of contract claim against Hadco herein; and

4.    All such other relief, both special and general, at law or in equity, to which Defendants and Counter-Plaintiffs Utica LeaseCo, LLC and Nations Equipment Finance, LLC may be justly entitled.

Respectfully submitted,

**COLE SCHOTZ P.C.**


By: /s/ James W. Walker
    James W. Walker (Lead Attorney)
    (S.D. Fed Bar No. 13776)
    (TX Bar No. 20709600)
    Email: jwalker@coleschotz.com
    Justin S. Levy (Attorney to be Noticed)
    (S.D. Fed. Bar No. 1373395)
    (TX Bar No. 24078852)
    Email:  jlevy@coleschotz.com
    2515 McKinney Ave., Suite 1350
    Dallas, TX 75201
    Telephone: (469) 557-9390
    Facsimile: (469) 553-0361
    **ATTORNEYS FOR DEFENDANTS AND COUNTER-PLAINTIFFS UTICA LEASECO, LLC and NATIONS EQUIPMENT FINANCE, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on May 7, 2015, a true and correct copy of this Original Answer and Counterclaim has been served on all counsel of record by the Court's CM/ECF system.

/s/ James W. Walker
James W. Walker